IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,         )
                                   )    **CRIMINAL CASE NO. CM0729-12**

       vs.                )
                                   )    **DECISION AND ORDER**

VALENE JOY CASTRO CRUZ,    )

        Defendant.        )

_____ )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed March 12, 2013. Oral arguments were heard on April 22, 2013. Assistant Attorney General James C. Collins appeared on behalf of the Government and Assistant Alternate Public Defender Stephen P. Hattori represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 15, 2012, the Government filed a complaint to charge Defendant with retail theft. On August 24, 2012, the Court entered a summons for Defendant to appear and answer on September 19, 2012. On September 6, 2012, the Marshal of the Courts filed an affidavit of non-service of the summons and complaint due to an unspecified time limitation. Defendant did not appear on September 19, 2012 and the Court entered a second summons that mistakenly ordered Defendant to appear on September 19, 2012.

The Court subsequently received an affidavit from the Marshal of the Court that Defendant was served with the summons and complaint at her home address on October 4, 2012. Defendant appeared on October 17, 2012, or sixty-three (63) days after the complaint was filed. The Court appointed counsel for Defendant and she was arraigned on October 24, 2012.

On March 12, 2013, Defendant filed the present motion to dismiss because she was not

promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues that the delay is not excused by good cause and that the complaint should be dismissed with prejudice. The Government argues that the complaint can only be dismissed with prejudice when the defendant suffers from actual prejudice, bad faith or misconduct.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)" to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

**1. Good Cause to Delay Prompt Arraignment**

Under Guam law, cases that evaluate delay and good cause in the statutory speedy trial context are instructional for the purposes of prompt arraignment under 8 GCA § 60.10. *People v. Julian*, 2012 Guam 26 ¶ 35. A speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on October 24, 2012, more than 60 days after the complaint was filed on August 15, 2012. An initial delay was caused by the failure to serve Defendant with the summons and compliant and by the Court's calendar of the first appearance sixty-three (63) days after the complaint was filed. Judicial delay in prompt arraignment is attributed to the Government. *Julian*, 2012 Guam 26 at ¶ 22. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)). For this reason, the untimely arraignment is

not excused by sixty-three (63) days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See U.S. v. Perez*, Crim. No. 09–00025, 2011 WL 2294194, at *3 (D. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on October 24, 2012 and more than sixty (60) days after the complaint was filed on August 15, 2012. The length of this delay may give rise to a presumption of prejudice. *Flores*, 2009 Guam 22 at ¶ 49. The delay was caused, in part, by the failure to serve a summons and the responsibility for this delay weighs against the Government. *Julian* 2012 Guam 26 at ¶ 22. Another possible cause for the delay may have been an inability to locate and serve Defendant, but the record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the

responsibility for the delay does not weigh in favor of either party. *Flores*, 2009 Guam 22 at ¶¶ 45-46. Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before Defendant appeared on October 17, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious misdemeanor offense charged, the aforementioned slight impact of the delay, the absence of any clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for failure to promptly arraign Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

SO ORDERED this __17TH__ day of June, 2013.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 1 5 2013

James R. Borja
Deputy Clerk, Superior Court of Guam